**EXHIBIT 2**                                        **Page 1 of 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3007-BO

| | | |
|---|---|---|
| DARIUS TREMAYNE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **TRENT HOWARD** |
| | ) | |
| CORRECTIONAL OFFICER HOWARD, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

I, Trent Howard, being competent to testify, and having personal knowledge of the matters herein, hereby state:

1. I am an adult over the age of 18, have never been adjudged incompetent, suffer from no mental or emotional illness, and make this declaration of my own free will, stating facts of which I have personal knowledge.

2. I am a named defendant in this action.

3. I have been employed by the North Carolina Department of Adult Correction at the Granville Correctional Institution in Butner, North Carolina, for twelve years, as a Correctional Sergeant II.

4. In the dining hall on January 22, 2023, at approximately 7:20 a.m., Plaintiff and Offender Phillip Miles were the last two remaining offenders in their group at breakfast.

**EXHIBIT 2**                                    **Page 2 of 4**

5.    I gave direct orders to Plaintiff and Offender Miles to get up from the table where they were sitting as other offenders would be coming in shortly and needed the space, which they refused. I gave them several more directives to get up from the table, which they continued to refuse.

6.    Finally, both offenders got up and began cussing and stating, "Fuck you and get out my face," in a hostile manner while approaching me.

7.    I gave several directives for Plaintiff and Offender Miles to back up but they refused and proceeded to get closer, especially Offender Miles.

8.    Offender Miles came close enough to me that his elbow hit my chest, and I pushed him back to create space between us.

9.    At this point, both Plaintiff and Offender Miles started assaulting me.

10.    Everything happened very quickly, and I did not have time to think about anything other than protecting myself.

11.    Other staff members got involved to assist in gaining control of the offenders, but at that moment, I did not know who.

12.    I did not give an order for Sergeant Jones to tase Plaintiff, as he alleges in his Amended Complaint.

13.    Immediately following the incident, assisting staff took control of both offenders and they were escorted out of the dining hall.

2

**EXHIBIT 2**                                                                 **Page 3 of 4**

14.     After the incident in the dining hall, I went to the operations building.

15.     I did not have any involvement with Plaintiff or the other offender after the incident in the dining hall.

16.     Plaintiff's allegations that I was in the medical building are false. I did not see him in medical as I was in operations, and I did not assault him or discuss assaulting him with any staff.

17.     The only interaction I had with Plaintiff was in the dining hall.

18.     Offender Brooks is just another inmate to me. I did not then, and do not now, hold any feelings of ill-will towards him. I have never wanted to harm Offender Brooks.

SIGNATURE ON NEXT PAGE

3

**EXHIBIT 2** **Page 4 of 4**

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Further the declarant sayeth not.

This the __3__ day of August 2026.

Trent Howard
Correctional Sergeant II
Granville Correctional Institution

4