**EXHIBIT 3**　　　　　　　　　　　　　　　　　**Page 1 of 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3007-BO

| | | |
|---|---|---|
| DARIUS TREMAYNE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **TERRANCE JOHNSON** |
| | ) | |
| CORRECTIONAL OFFICER HOWARD, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

I, Terrance Johnson, being competent to testify, and having personal knowledge of the matters herein, hereby state:

1. I am an adult over the age of 18, have never been adjudged incompetent, suffer from no mental or emotional illness, and make this declaration of my own free will, stating facts of which I have personal knowledge.

2. I am a named defendant in this action.

3. I have been employed by the North Carolina Department of Adult Correction at the Granville Correctional Institution in Butner, North Carolina, ("GCI Butner") since January 2012, as a Correctional Sergeant II.

4. On January 22, 2023, I responded to a Code 7 when Plaintiff (referred to herein as "Offender Brooks") and Offender Phillip Miles ("Offender Miles") were involved in an

**EXHIBIT 3**                                                    **Page 2 of 5**

altercation with correctional staff in the dining hall at GCI Butner.

5.      I was not involved in and did not witness the incident in the dining hall. I arrived after the two offenders had been brought under control by correctional staff.

6.      Offender Brook's allegation in his Amended Complaint that I escorted him to medical building at GCI Butner ("the medical building") is false.

7.      I assisted by escorting Offender Miles from the dining hall to the medical building.

8.      I did not have any interaction with Offender Brooks in the dining hall or during the time he was being escorted to the medical building.

9.      The only interaction I had with Offender Brooks on January 22, 2023, was in the medical building.

10.     I observed Offender Brooks while he was in the holding cell in the medical building on January 22, 2023. At that time, he was yelling, asking for staff to loosen his handcuffs. When another staff member responded by attempting to check those restraints, Offender Brooks became combative.

11.     I responded by giving Offender Brooks several verbal directives to stop resisting and to comply with staff directives. He refused to comply with any of those directives.

12.     Other correctional officers then attempted to restrain Offender Brooks by placing him on the floor of the holding cell. During that process, Offender Brooks continued to be combative. In response, Officer Vargas administered OC pepper spray in an effort to

2

**EXHIBIT 3**                                        **Page 3 of 5**

gain compliance, and Offender Brooks was then placed in full restraints by other correctional staff. Thereafter, I observed no additional force being used by any correctional officers upon Offender Brooks.

13.     During the above-described encounters, I did not use any force on Offender Brooks.

14.     After being restrained, as described above, Offender Brooks was decontaminated and evaluated by medical staff, in accordance with policy.

15.     Sergeant Howard was not present in the medical building during the events described in paragraphs 9-14 above.

16.     To my knowledge, there were never any plans to assault Offender Brooks amongst correction officers at GCI Butner. Consequently, I did not discuss any such plans [as there were none] to assault Offender Brooks with Sergeant Howard or with any other staff member at GCI Butner or with anyone else. Such allegations in the Amended Complaint are false.

17.     I observed that the force used on or about January 22, 2023, in the medical holding cell by other staff members was minimal and necessary to restrain Offender Brooks' aggressive and combative behavior.

3

**EXHIBIT 3**                                                    **Page 4 of 5**

18.     Offender Brooks is just another inmate to me. I did not then, and do not now, hold

any feelings of ill-will towards him. I have never wanted to harm Offender Brooks and

any such allegations by Offender Brooks are false.


SIGNATURE ON NEXT PAGE

4

**EXHIBIT 3**                                                                    **Page 5 of 5**

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Further the declarant sayeth not.

This the _3_ day of August 2026.

Lt. _Terrance Johnson_

Terrance Johnson
Correctional Sergeant II
Granville Correctional Institution

5