IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3007-BO

| | | |
|---|---|---|
| DARIUS TREMAYNE BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER HOWARD, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS** |

NOW COME Defendants Howard, Johnson, Jones, and Pearce ("Defendants"), by and through Undersigned Counsel, and respond to Plaintiff's Motion for Spoliation Sanctions [D.E. 61]. In summary, Plaintiff's motion should be denied because it is untimely, he cannot prove that relevant video existed, and (even if it did exist) that Defendants intentionally destroyed it. Therefore, Plaintiff's motion should be denied.

## I. STATEMENT OF CASE

Plaintiff Darius Tremayne Brooks (hereinafter "Plaintiff") asserted claims against Defendants Howard, Johnson, Jones and Pearce for excessive use of force on January 22, 2023. [D.E. 15 at 5-7]. Plaintiff further asserted claims against Defendants Cooper and Dove for alleged excessive use of force on January 23, 2023, and against Defendant Gethers for allegedly refusing to provide him clean clothes on January 24, 2023. [D.E. 15

at 7]. The Court's order of October 16, 2024, allowed Plaintiff's claims of excessive force to proceed against Defendants as nonfrivolous. [D.E. 18].

On May 23, 2025, Defendants filed an answer to Plaintiff's Amended Complaint, [D.E. 38] and Defendants Cooper, Dove, and Gethers filed their motion to dismiss. [D.E. 39]. Plaintiff responded in opposition. [D.E. 46]. On May 29, 2026, NCPLS attorney Sunny Frothingham filed a notice of appearance for the limited purpose of assisting Plaintiff with discovery in this action. [D.E. 43].

On June 24, 2025, Plaintiff's discovery counsel served Defendants with Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. As part of those requests, Plaintiff sought the identity and production of all video and audio recording for each alleged use of force against Plaintiff. *See* **Exhibit 1** (RPD #5). In response thereto, Defendants asserted the following response:

> 5. All video and audio recordings of the Plaintiff on January 22, 2023. The response should include but is not limited to:
> a. All video and audio recordings of the use of force incident in the dining hall on January 22, 2023.
> b. All video and audio recordings of the Plaintiff being escorted to the medical building medical on January 22, 2023.
> c. All video and audio recordings of the use of force incident in the medical building holding cell on January 22, 2023.
> d. All video and audio recordings of the Plaintiff being escorted to be evaluated by medical staff on January 22, 2023.
> e. All video and audio recordings of the Plaintiff being medically evaluated by staff on January 22, 2023.
> f. All video and audio recordings of the Plaintiff being escorted from

medical to a holding cell after evaluation on January 22, 2023.

> **RESPONSE: Subject to and without waiving the foregoing objections, Defendants have produced all video footage saved from January 22, 2023, via Sharefile, to Plaintiff's attorney on record, which includes four (4) separate videos (dining hall, breezeway outside of dining, 2nd floor breezeway, and hallway to medical). There are no audio recordings. There is no video footage inside the medical building.**
> *Id.* (RPD #5).

On April 13, 2026, Plaintiff's discovery counsel served Defendants with Plaintiff's Second Set of Requests for Production of Documents. As part of those requests, Plaintiff sought the identity and production of all video and audio recordings beyond what was previously provided. *See* **Exhibit 2** (RPD #24). In response thereto, Defendants asserted the following response:

> 24. All video and audio recordings not previously produced in this matter that show who entered and exited the cell where Plaintiff was held on January 22, 2023. The response should include but is not limited to all footage from "C64 2nd FL MEDICAL TO DENTAL HALLWAY" from 7:29 am to 2:00pm on January 22, 2023. If responsive video or audio recordings once existed but are no longer available, explain when they were last available, and state all reasons why they are no longer available.
>
> **RESPONSE: Subject to and without waiving the foregoing objections, Defendants have provided all saved video footage (listed below) from this incident to Plaintiff's counsel. Facility cameras do not record audio. No additional footage was saved beyond what was already provided. The dining hall assault incident was the primary incident in this matter, which involved two offenders and numerous staff. Video footage was retained showing the assault incident and both offenders being escorted through the facility to medical, which was the end of video depicting that use of force incident. After the offenders were initially placed in holding**

**cells and staff first exited the medical hallway, no further footage was saved because no further cameras captured footage of the second use of force incident, including the cameras listed in this request. Footage existed from that camera during this time period, but because it did not capture the second use of force incident, it was not retained as part of the incident report, and therefore, it is no longer available. The facility cannot keep video footage indefinitely. If footage is not saved initially because it does not contain footage relevant to the incident, it will not be kept beyond a brief period of time.**

**Assuming the purpose of this request is to identify "who entered the and exited the cell where Plaintiff was held on January 22, 2023" during that period, see the incident report (see Bates No. 0462-0545). If further information is still necessary, undersigned counsel is open to discussing this further.**

*Id.* (RPD #24).

On May 4, 2026, this court dismissed Defendants Cooper, Dover and Gethers from this action. [D.E. 58]. The only remaining claim is Plaintiff's Eighth Amendment Excessive Use of Force as to Defendants Howard, Johnson, Jones and Pearce.

On or before July 6, 2026, discovery was completed and Plaintiff's discovery counsel withdrew. [D.E. 60]. No motion to compel was ever filed by Plaintiff's discovery counsel. On August 3, 2026, Plaintiff filed the instant Motion to which Defendants now respond. [D.E. 61]. On August 5, 2026, Defendants filed their motion for summary judgment. [D.E. 63]. Plaintiff has not yet responded.

For the below reasons, Plaintiff's Motion should be denied.

## II. STATEMENT OF FACTS

In Plaintiff's Complaint, he alleged that there were acts of excessive force in the

dining hall and inside a medical holding cell. [DE-15 at 5].

Defendants have produced all saved video footage from the events referenced in this action. The "main event" in this action was the altercation in the dining hall involving Plaintiff, another offender, and correctional staff. Video footage clearly shows this altercation and use of force incident in the dining hall, and both offenders' subsequent escort through the facility to the medical building where they are both placed in separate medical holding cells. After Plaintiff and the other offender were initially placed into medical holding cells, no further video footage was retained.

With respect to Plaintiff's second alleged excessive use of force, there are no cameras inside medical holding cells. Thus, there is no video of the second alleged (but denied) acts of excessive force. Any video footage that would have existed would have been from the hallway outside of the medical holding cell. Defendants have provided evidence to the Court that shows that the only involved staff in the medical building were Defendants Johnson and Pearce, in addition to other staff who were not named in this lawsuit. [*See* D.E. 66-6]. Defendant Johnson's only involvement was giving Plaintiff verbal directives while Defendant Pearce applied restraints. *Id.* at 23-24. This was after unnamed correctional staff Officer Vargas applied pepper spray and Officer Wilson placed Plaintiff on the floor. *Id.* at 20-21.

Defendants also provided evidence to the Court that shows that Plaintiff sustained

minor injuries from any event that occurred on this date. [*See* Defendants' Exhibit 1-F provided under seal at D.E. 67].

Additionally, Plaintiff has failed to prove that these individual Defendants even had access to (much less the ability or responsibility to preserve) the video footage from those cameras. To the contrary, Defendants are merely Correctional Officers and Correctional Sergeants – neither of which have access to the surveillance camera footage.

## III. LEGAL ARGUMENT

### A. PLAINTIFF'S MOTION IS UNTIMELY

Rule 37 "governs most motions for discovery sanctions, but it does not contain any specific reference to the timing of the filing of a motion seeking spoliation sanctions." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 506 (D. Md. 2009). Courts consider a number of factors, including: (1) length of time after close of discovery; (2) temporal proximity between spoliation motion and motion for summary judgment; (3) temporal proximity between spoliation motion and trial; and (4) explanation of the moving party as to why the motion was not filed earlier. *Id.* at 506-507.

In other cases, Courts have found spoliation motions untimely when they are not raised during discovery but instead raised after a motion for summary judgment is filed. *See, e.g., Glenn v. Scott Paper Co.*, 1993 WL 431161 at n. 3 (D.N.J. Oct. 20, 1993); *see*

*also Scalia v. County of Kern*, 576 F. Supp. 3d 703 (E.D. Cal. Dec. 22, 2021) (collecting cases). In *Glenn*, the court found as follows:

> Presumably frustrated by a lack of evidence to support his claim, Glenn has accused Scott of withholding and destroying relevant evidence. The Court takes a grave view of such charges, which warrant serious sanctions if proven true, or alternatively, if proven false and made in bad faith. The Court is struck by the timing of Glenn's accusation—first brought defending a summary judgment motion after completion of discovery. At no time did Glenn raise these concerns during the discovery phase or bring them to the attention of the magistrate. Glenn never brought a proper motion to compel, or a motion for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Therefore, the Court finds it too late in the day for Glenn to raise these discovery issues and does not consider them on the pending motion.
>
> *Id.*

In this case, neither Plaintiff nor his discovery counsel filed a motion to compel during the discovery period. Furthermore, neither Plaintiff nor his discovery counsel filed a spoliation motion during the discovery period. Instead, Plaintiff waited until two days prior to the dispositive motions deadline to file his spoliation motion. As noted above, that is too late. Therefore, Plaintiff's motion should be denied as untimely.

**B. DEFENDANTS DID NOT INTENTIONALLY DESTROY EVIDENCE**

"Under the spoliation of evidence rule, an adverse inference may be drawn again a party who destroys relevant evidence." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995). The rule "is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court." *Id.* In order to apply the spoliation

rule, the court must find that the party "knowingly, intentionally or willfully" destroyed the evidence. *See Pecar v. St. Paul Fire & Marine Ins. Co.*, 72 Fed. Appx. 926, 929 (4th Cir. 2003).

In this case, first, there was no surveillance video of the alleged acts of excessive force by Defendants in the medical holding cell. Simply put, Plaintiff's allegations against Defendants in the medical building occurred where there were no cameras. Thus, there was no video that ever existed, much less any video that was destroyed by Defendants. To the extent that there was any surveillance video footage of any incidental or indirectly related conduct (hallway, escort to decontamination, etc.), such video footage was automatically overwritten during the normal course of business. And second, even if there was video footage, Plaintiff has failed to prove that any individual Defendant whom he has sued had access to the surveillance video footage, much less the ability or authority to maintain it. Thus, Plaintiff has failed to prove that these individual Defendants intentionally destroyed any video footage that may have existed. Therefore, Plaintiff's Motion should be denied.

## IV. CONCLUSION

For the above reasons, Plaintiff's Motion for Spoliation Sanctions should be denied.

This the 17th day of August 2026.

**JEFF JACKSON**
**Attorney General**

/s/ James A. Barnes, IV
James A. Barnes, IV
Assistant Attorney General
N.C. State Bar No. 33356
N.C. Department of Justice
P.O. Box 629
Raleigh NC  27602-0629
Telephone: (919) 716-6786
Facsimile: (919) 716-6761
E-mail: jabarnes@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **Response in Opposition to Plaintiff's Motion for Spoilation Sanctions** with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

Darius Tremayne Brooks
1066328
Alexander Correctional Institution
633 Old Landfill Rd.
Taylorsville, NC 28681
*Pro Se Plaintiff*

J. Bruce Hoof
P.O. Box 51098
Durham, NC 27717-1098
jbh@brucehooflaw.com
*Co-counsel for Defendant Johnson*

This the 17th day of August 2026.

/s/ James A. Barnes, IV
James A. Barnes, IV
Assistant Attorney General