IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:24-CT-3007-BO

FILED
SEP 09 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

| | |
|---|---|
| DARIUS T. BROOKS<br>Plaintiff<br><br>v<br><br>CORRECTIONAL OFFICER HOWARD, et al.,<br>Defendants | Reply To Defendants Opposing Response To Spoliation Sanctions |

Plaintiff respectfully asks the court for leave to file a Reply to the Defendants' Response to Motion for Spoliation Sanctions under 37(e)(1) and 37(e)(2). Plaintiff did not expect some of the arguments that the Defendants' made.

Plaintiff's spoliation motion is not untimely.

- Spoliation motions should be filed "as soon as Reasonably possible after discovery of the facts that underlie the motion." Goodman v. Praxair Services, Inc, 632 F. Supp. 2d 494, 508 (D. Md. 2009). Plaintiff did that.
- Attorney Frothingham served Plaintiff's Second Set of Discovery Requests on April 13. She asked for specific time periods of missing videos and for any Video Retention Standard Operating Policies at Granville. The Defendants responded on June 12, 2026 and stated that "Granville CI does Not



Case 5:24-ct-03007-BO Document 79 Filed 09/09/26 Page 1 of 6

have an SOP regarding video Retention."

- Attorney Frothingham followed up with Defendants counsel because she knew that was not true.
- On July 2, the Defendants' gave her @ supplemental Response. They admitted that there actually was @ "Video Retention Policy" at Granville. But, they could not find the old one, so they could only give her the current one. Attorney Frothingham put their response and her advice in a letter on July 6.
- So, Plaintiff did not receive the Defendants' final response or the "Video Retention Policy" until after Discovery closed. Plaintiff is pro se, and he needed time to review everything, research and write his motion. His filings take additional time to get to the court because he has to send them by mail, and has to depend on prison mail, which can be slow and unreliable. The Court Received his Spoliation Motion on August 3, just @ few weeks after the Plaintiff got the "Video Retention Policy".
- Federal Courts in North Carolina can accept spoliation motions filed after discovery ends. In another prison case, the Western District partially granted a spoliation motion against DAC Defendants who did not give the Plaintiff eight PREA Reports that she needed for her lawsuit during discovery. Inscoe v. NCDAC, W.D.N.C Case No. 1:22-cv-00243, 2026 WL 2053875 (July 16, 2026). The Plaintiff in that case did not file that spoliation motion until [illegible] than six months

Case 5:24-ct-03007-BO Document 79 Filed 09/09/26 Page 2 of 6

after both parties filed Motions for Summary Judgment. Id.

Plaintiff does not have to file a motion to compel before filing one for Spoliation Sanctions.

- Plaintiff asked for the video in both sets of discovery Requests, and Defendants say they already gave Plaintiff all the video that exists. The Plaintiff cannot compel something that does not exist because Defendants did not save it.

Spoliation sanctions can be granted for negligence or intentional destruction of evidence.

- Defendants say that they did not "intentionally" destroy evidence. Even if they were just negligent, the Court can order curative measures or sanctions based on negligent or intentional destruction of "electronically stored information" like the video under Federal Rule 37(e)(1), to cure the Plaintiff's case.

Spoliation sanctions can be "imputed" to correctional officer defendants, even if some other DAC employee was the one who failed to preserve the video.

- In Wall v. Rasnick, the Fourth Circuit pointed out that prisoners have limited abilities to ask for preservation of evidence, and prisoners cannot sue the prison directly under Section 1983. The Fourth Circuit said that "A fact-

Case 5:24-ct-03007-BO Document 79 Filed 09/09/26 Page 3 of 6

intensive inquiry is therefore required to resolve the spoliation issues... which include notice, duty, and imputation." 42 F. 4th 214, 222 n. 7 (4th Cir. 2022).

- The prison employed the Defendants, and everyone who investigated the use of force and the state is representing the Defendants in the case. The state will pay any settlement or judgment that Plaintiff wins. If the DAC negligently or intentionally destroyed evidence, it is fair to impute that to the Defendants because of the relationship. See Johns v. Gwinn, 503 F. Supp. 3d 452, 462-471 (W.D. Va. Nov. 30, 2020) ("VDOC will not be rewarded for its policy of attempting to insulate responsibility for spoliation to a select few unreachable in the vast majority of suits by inmates.") (vacated for additional evidentiary hearing.)

Defendants own discovery responses show that the video did exist, and was not preserved.

- Plaintiff is asking for the video from the hall camera during the second use of force incident. The hall video camera was working at the time, because Defendants did save some of it. But the video they saved cuts off before the second use of force starts.
- The Defendants admit that the video existed in their Response to Request for Production 24 where they said

"Footage existed from that camera during this period of time...."

- In Request for Production 25, they explain that it was not kept because they decided not to save it: "If footage is not saved initially, it will not be kept beyond brief period of time."
- Officer Pearce admits that the second use of force happened, and that it happened around 7:35, which is after the hallway video ends.
- But, Defendants and Plaintiff strongly disagree about what happened during the second use of force and who was involved in the second use of force. Plaintiff explained in his complaint that Officer Howard came to the cell punched him repeatedly, and pulled back his dreds to unload his mace can in his face, hair and neck. Officer Howard used force maliciously in retiation because of what happened in the Chow Hall.
- The Defendants claim the video of the hall is not relevant to the Plaintiff's claim since it does not show the inside of the cell during the use of force. But the video of the hall would show that Plaintiff is correct about which officers went in and out of the cell, including Officer Howard, during the second use of force. The video of the hall would also show how long they were in the cell, and how Defe[illegible] acting [illegible] the [illegible] in and out.

Case 5:24-ct-03007-BO Document 79 Filed 09/09/25 Page 5 of 6

• Defendants' loss of video is additionally suspect when they also failed to preserve the policy about video retention that was in effect at the time.

This the 2nd day of September, 2026.

Darius Brooks

Darius T. Brooks
Plaintiff