# Exhibit Cover Page

BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EXHIBIT NUMBER 1-A

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3007-BO

FILED

OCT 26 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY JAB DEP CLK

DARIUS T. BROOKS
Plaintiff

v.

CORRECTIONAL OFFICER HOWARD, et Al.
Defendants

BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff DARIUS T. BROOKS ("Plaintiff") And hereby offers this Brief in Opposition of the Defendants' Motion for Summary Judgment. [D.E. # 63, 64, 65]

## I. PROCEDURAL HISTORY

Plaintiff filed A Complaint against the Defendants' Named in this case due to two Use of Force incidents in which force became Retaliatory And excessive. These incidents took place on January 22ND, 2023. (D.E # 15) Plaintiff also asserted in his Complaint claims against Defendants' Cooper, Dove and Gethers for Relevant Retaliatory Neglict, Refusing to provide clean clothes and decontamination after Plaintiff was assaulted, battered and maced excessively.

This Court's order of October 16th, 2024 allowed Plaintiff's Complaint for excessive force to proceed against Defendants as non-frivolous. (D.E. # 18).

On May 23rd, 2025, Defendants' filed an answer to Plaintiff's Amended Complaint, (D.E. # 38) and Defendants' Cooper, Dove and Gethers filed their Motion to Dismiss and memorandum of alleged support (D.E. #'s 39, 40). Plaintiff responded back in opposition. (D.E. # 46).

On March 4th, 2026, this Court dismissed Defendants' Cooper, Dove, and Gethers from this action due to Plaintiff's failing to exhaust Administration Grievance Remedies. (D.E. # 58)

On March 6th, 2026, this Court amended Scheduling Order and ordered that all Discovery be completed by 7-6-2026. And all Motions due by 8-5-2026, (D.E # 59), which is the remaining claims standing to Plaintiff Eighth, First, and Fourteenth Amendment violation claims. And remaining are Defendants' Howard, Johnson, and Pearce, Jones.

## II Statement of FACTS

In his Amended Complaint, Plaintiff stated that while he was housed at Granville Correctional Institution on January 22nd, 2023, "Officer Howard used disproportionate amounts and excessive amounts of force by striking punches at me for no necessary reason." Once the incident in the Dining Hall was neutralize and had expired, Plaintiff was then escorted to the Medical building and placed in a Holding Cell. Plaintiff further identifies "Officer Howard, Sgt. Johnson and Austin Pearce" as the officers who attacked him in the Holding Cell. Then those same officers went

and performed the same malicious and sadistic acts in the next cell over to Mr. Miles.

Once Plaintiff was taken to the Medical Holding cell, Mr. Miles was placed in the next cell over from Plaintiff. Once Mr. Miles was placed in his Holding cell, you'll see Officer Vargas come in the Holding cell with Plaintiff briefly and walk back out. Then the video ends, 'before' the second Use of Force incident which took place in the Medical Holding Cell. Which included Officers Howard, Johnson and Pearce.

In Plaintiffs Second Set of Discovery Requests, Plaintiff followed up with the Defendants to ask for the additional footage:

- Additional Camera Views of the Dining Area (RPD#23)
- Additional video from C64, Medical to Dental Hallway from 7:29am to 2pm (RPD#24)
- Footage of transfers of Mr. Brooks on January 22, 2023 (RPD#25)
- Footage of decontamination of Mr. Brooks on January 22, 2023 (RPD#26)

As you can see in the Defendants' Written responses, the Defendants did not produce any additional video footage, and explained that they did not save the other videos in archive.

North Carolina Department of Adult Correctional Policy

.1507 Video Recording of Use of Force Incidents.

.1507 (e) states that All video tape recordings of Use

of force incidents will be transcribed to a master video, documented on a master tape ledger, and maintained for five (5) years. No master tape will be disposed of without consultation with the Attorney General's Office to determine if the tape should be preserved for litigation purposes."

The incident report, officer statements, and grievance records confirm that there was a use of force incident in the Medical Holding Cell.

Plaintiff's Injuries

While in the medical holding cell, Plaintiff received flurry of punches to the back of the head, then dropped down to his knees to try to curl up and guard his face, but Defendants' Howard and Johnson would pull Plaintiff's head back by his hair, leaving Plaintiff defenseless and Punch Plaintiff in his face, while the other unloaded mace in Plaintiffs face. This led to the swelling to the upper lip with a 1-2 cm cut on inner lip and the swelling to Plaintiff's left eye. Due to the excessive mace being unloaded directly into Plaintiffs eyes for long seconds at a time, Plaintiff has since been having problems with irritation and redness to his eyes, also blurred vision in his left eye. Plaintiff has since, been having coughing outbreaks and problems with his throat and breathing since swallowing so much mace from the holding cell

incedent. Plaintiff was beat until he was unconcious. When Plaintiff gained his conciousness back, Howard was pulling Plaintiff's head back by his Dreds, then continued to unload his mace can in plaintiff's face, hair and neck.

## Relevant Grievance

Plaintiff's Grievance No. 3980-2023-HCBU-00068, which was submitted on March 13, 2023, letting the Administration Know about both Use of Force incidents and it's excessiveness. Plaintiff further stated in his Grievance that he was taken "to a holding cell located in the medical building, leaving him in the cell with his hands cuffed behind his back," and that T. Howard came back with 3 more Officers, including Sgt. Johnson, and maliciously and sadistically assaulting him again.

In Plaintiff's Amended Complaint, Plaintiff discovered that officer Pearce was the Officer who told him to "walk backwards toward him so he could take his cuffs off." Once Plaintiff was within Arms Reach, thats when he felt punches to the back of his head.

## III STANDARD OF REVIEW

Courts should dismiss Defendants' Summary Judgment where there are different facts between the Movant and Non-Movant. A dispute is only "genuine" if the

is enough evidence that a reasonable jury could find in favor of the non-moving party. (Anderson, 477 U.S. at 247-48).

In Defendants (III Standard Review) Summary Judgment, they quote Scott v. Harris, 550 U.S. 372, 380 (2007), stating that "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." But I think in this dispute, the ~~better case~~ more accurate and precise case to quote would be Shaw v. Foreman, 177 F.4th 551; where the Court states, "We even noted that the prison officials' failure to produce the video was profoundly powerful circumstantial evidence that they did retaliate."

Under Fed. R. Civ. P. 56(a) "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A fact is "material" if it might affect the outcome of the lawsuit. (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). When deciding a motion for summary judgments the judge is required to view the evidence in the light most favorable to the non-moving party and draw inferences in favor of the non-moving party. (United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

## IV LEGAL ARGUMENT

**A. Because there is a genuine dispute of material fact, Defendants' Motion for Summary Judgment about Plaintiff's [Use of Force] Claim must be denied.**

There is a genuine dispute of material fact over whether Defendants' used excessive force against Plaintiff in the medical building. The parties agree that there was a second use of force in the medical building. However, the parties disagree about whether the force used was excessive, and whether Defendant Howard participated. There is a genuine dispute of material fact over whether Defendant Howard participated, Also about whether the officers used excessive force against Plaintiff during the use of force in the medical building.

The Eighth Amendment to the U.S. Constitution protects you from cruel and unusual punishment. In order to show that the Defendants' used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment Rights, Plaintiff must prove two elements: (1) the subjective element, and (2) the objective element.

To decide whether force is excessive for the subjective element, courts must look at four factors. When looking at these four factors, courts consider whether what happened confirms "to contemporary standards of decency." This means the courts also think about whether the officer's [illegible] standards

Case 5:24-ct-03007-BO Document 83 Filed 10/26/26 Page 8 of 14

of what is considered fair and Right in today's society. These factors are "non-exhaustive," which means that the court may also consider other things when deciding whether force is excessive. (Simmons v. Whitaker, 106 F.4th 379, 387 (4th Cir. 2024)).

Here are some situations where courts are likely to find that an officer acted with an improper motive and used excessive force.

- When an officer uses force on a prisoner who is "Restrained and compliant and posing no physical threat" (Thompson v. Virginia, 878 F.3d 89, 102 (4th Cir. 2017)) Even if a prisoner used force against an officer earlier, once the prisoner is restrained and subdued, any force used is more likely to support a finding that the officer acted in retaliation or to harm the prisoner. (Dean v. Jones, 984 F.3d 295, 305-06 (4th Cir. 2021))

Second, the objective element of the excessive force claim looks at the "severity of the force employed... Regardless of the extent of the injury." (Dean, 984 F.3d 295, 303).

- <u>There is a genuine dispute as to whether Defendant Howard participated in the second use of force.</u>
    - The clearest evidence of Howard's participation would have been the video in the medical hallway, which showed who went in and out of the cell where the second use of force occurred. However, as explained in Plaintiff's Spoliation Motion and Reply, the Defendant's [illegible] simply failed

Case 5:24-ct-03007-BO Document 83 Filed 10/26/26 Page 9 of 14

to preserve the video in anticipation of litigation. this failure has prejudiced Plaintiff by depriving him of the use of the best evidence that existed.

- The only video that still exists supports Plaintiff. [Defendants MSJ Exhibit 1-F]. The only video that does exists shows Officer Howard fallowing the path Plaintiff followed towards medical just moments before the video cuts off. When the Plaintiff left the 2nd FL Breezeway view to the MEDICAL TO DENTAL HALLWAY views, it only took a few seconds. So when Officer Howard appears fallowing ~~appears fallowing~~ the same path as Plaintiff through the 2ND FL BREEZEWAY at 7:27AM, he is a few seconds walk from the medical holding cell where the second use of force takes place. The video cuts off less than two minutes later, and according to Officer Pierce's statement, the second use of force occurred a few minutes after that footage ends. Defendants have failed to explain Officer Howard's appearance in the video footage this close to the time and location of the second use of force. In Defendants' MSJ Exhibit 2 [Declaration of Trent Howard], line 14 through 16, Defendant Howard declares "After the incident in the dining hall, I went to the operations building. I did Not have any involvement with Plaintiff that

Case 5:24-ct-03007-BO Document 83 Filed 10/26/26 Page 10 of 14

offender after the incident in the dining hall. Plaintiff's allegations that I was in the medical building are false. I did not see him in medical as I was in operations, and I did not assault him or discuss assaulting him with any staff."

This declaration is false, Operations is on the first floor to the left when coming out of the chow hall. <u>BREEZEWAY OUTSIDE DINING</u> footage clearly shows Officer Howard getting onto the elevator and appearing on the 2nd FL BREEZEWAY footage moments later trailing Plaintiff and other offender to the Medical Building.

Defendants' have failed to preserve the video evidence that would objectively show whether Howard was present at the second use of force or not.

- Defendants' point to officer statements on the incident report they produced about the uses of force. In response, Plaintiff points to the grievance and disciplinary appeal that he filed about this incident, both of which show that Plaintiff told prison officials that Howard came back with 3 more officers and maliciously and sadistically assaulted him. [Defendants' MSJ Exhibit 1-H, Defendant Cooper, Dove, and Gethers Motion to Dismiss Exhibit 1-A]
- Defendants' provide their own Declarations in support of their story about what happened. But Plaintiff has also explained what happened. And credibility determinations

must be made by a factfinder at trial, not as part of a Motion for Summary Judgment.

- Therefore, Plaintiff has clearly established a genuine dispute about whether Officer Howard was present and used excessive force against him during the second use of force.

- The genuine dispute about whether Defendant Howard participated in the second use of force is material to Plaintiff's excessive force claim against Defendant Howard, and against the other defendants.
  - Officer Howard's participation goes directly to the court's legal analysis of whether the second use of force violated Plaintiff's Eighth Amendment rights. The subjective factor looks at Defendants' motives in applying force — whether it was in good faith, or whether it was malicious and sadistic. Here, Officer Howard's participation in the second use of force is strong evidence of a malious, retribution-driven use of force. When Plaintiff was already cuffed in a locked cell, what force was "necessary", and what threat was reasonably perceived? If the Defendants' wanted to appropriately "temper the severity of a forceful response" they would not allow someone who had just been in an altercation with Plaintiff to use force on him. Officer Howard's presence shifts the analysis of the subjective element significantly — both for the claims against Officer Howard and the other

Case 5:24-ct-03007-BO Document 83 Filed 10/26/26 Page 12 of 14

Defendants involved in the second use of force.

❷

B. Because there is a genuine dispute of material fact, Defendants' Motion for Summary Judgment about Plaintiff's [Retaliation] claim must be denied.

"The district court granted summary judgment in favor of Defendants while the sanctions motion was still pending before the magistrate judge;" see Shaw v. Foreman, 177 F.4th 551, (June 4 2026), stating that "Because the footage at the heart of the sanctions motion was was crucial to the merits of the case, we vacate the district court's decision and remand with instructions to consider the sanctions motion in full."

Defendants' Howard, Pierce and Johnson all falsly declare under penalty of perjury of the laws of the United States of America that Officer Howard was Not present during the second use of force. (Howard Decl. at 14, 15, 16, 17) (Johnson Decl. 15, 16) (Pierce Decl. 13). The clearest evidence of Howard's participation would have been the video of the medical hallway, which showed who went in and out. Plaintiffs grievance and disciplinary Appeal proves his efforts to let officials know of Officer Howard's presence and participation in the second use of force. However, as explained in Plaintiff's Spoliation Motion and Reply, the Defendants unreasonably and intentionally failed to preserve the video in anticipation of Litigation. Therefore [illegible] prejudiced Plaintiff

Case 5:24-ct-03007-BO Document 83 Filed 10/26/26 Page 13 of 14

depriving him of the use of the best evidence that existed. The only video that still exists supports Plaintiff. [Defendants MSJ Exhibit 1-F].

Therefore, there is a genuine dispute of material fact about whether Defendant Howard participated in the use of force incident inside the medical building, and whether Defendants' used excessive force on Plaintiff in the medical building

Furthermore, The only video that still exists, shows Defendant Howard walking ~~[illegible]~~ toward the Medical building entrance, not operations.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied.

Darius T. Brooks
Plaintiff

[signature]

Dated: 10-21-2026